Filed 4/3/25  In re A.Y. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re A.Y. et al., Persons Coming Under the Juvenile Court Law. | B333136 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 23CCJP02991A-C) |
| Plaintiff and Respondent, | |
| v. | |
| G.Y., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Marguerite D. Downing, Judge.  Reversed and remanded with directions.

Benjamin Ekenes, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Brian Mahler, Deputy County Counsel, for Plaintiff and Respondent.

G.Y. (Father) appeals a juvenile court dependency order and asks this court to strike a sentence in two dependency petition counts alleging he punched one of his children in the chest. As we explain, the issue is moot as to one of the petition counts and, based on the Los Angeles County Department of Children and Family Services' (the Department's) concession, we will permit the juvenile court to make the change in the other count.

I

The Department filed a seven-count dependency petition concerning Father's children, A.Y., I.Y., and Y.Y., in September 2023. As filed and in relevant part, the petition alleged in count b-1 that the children were at substantial risk of serious physical harm because Father "physically abused [A.Y.] *On 08/16/2023, [Father] struck the child's chest with [Father's] fist.* On prior occasions, [Father] repeatedly struck the child. Such physical abuse was excessive and caused [A.Y.] unreasonable pain and suffering." (The italicized language is the language Father asks us to order stricken.) Two other petition counts predicated on different statutory grounds for dependency jurisdiction—Welfare and Institutions Code section 300, subdivisions (a) (substantial risk of serious physical harm inflicted nonaccidentally by a child's parent) and (j) (risk of abuse or neglect when a sibling has been abused or neglected)—included the same language just quoted in their jurisdictional allegations.[1]

---

[1] Indeed, the b-1 count and the j-1 count were identically alleged.

At the jurisdiction hearing, Father's attorney asked the juvenile court to dismiss the dependency petition and cited to A.Y. and his mother's statements (included in the Department's jurisdiction report) denying Father punched A.Y. in the chest— and clarifying that on the occasion in question Father shoved A.Y. away when he was attempting to intervene and prevent Father from breaking his mother's cell phone. The juvenile court sustained petition count b-1, but only with an amendment to strike the sentence alleging Father punched A.Y. in the chest.[2] The court also sustained the identically alleged petition count j-1, but it did not state on the record that it was similarly amending that count to strike the sentence alleging Father punched A.Y. The court dismissed the a-1 count (that included the same sentence) in its entirety.

II

Father's opening brief (no reply was filed) challenges the sufficiency of the evidence to support the allegation in dependency petition counts b-1 and j-1 that he punched A.Y. in the chest. The Department argues the challenge to the b-1 count is mooted by the juvenile court's amendment of that count during the jurisdiction hearing and the subsequent filing of an interlineated petition reflecting the amendment. That is correct. That leaves only the j-1 count, and on that count, the Department concedes "the statement at issue should have been struck from count j-1 as well, as count j-1 was identical to count b-1 as pled,

---

[2] In addition to the b-1 and j-1 counts, the juvenile court also sustained several other counts alleging different statutory bases for jurisdiction.

3

and it appears that the juvenile court's failure to strike the statement from count j-1 was due to inadvertence or mistake."

We have some doubts about the justiciability of an appeal that challenges only *part* of a sustained dependency count in a petition where there are other unchallenged bases for jurisdiction. But because it appears that the offending sentence remains in the identically alleged j-1 count only because the juvenile court made no statement on the record as to that count specifically, and because the Department does not argue justiciability and instead concedes a limited reversal and remand with directions to correct the issue is warranted, that shall be our disposition.

## DISPOSITION

The juvenile court's jurisdiction findings are reversed and the cause is remanded with directions to enter a new and different jurisdiction order on the same terms as to all counts other than count j-1. For that count, the court shall sustain the count as amended to read identically to the amended b-1 count. The court's disposition and any subsequent orders are unaffected.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

BAKER, Acting P. J.

We concur:

MOOR, J.                          KIM (D.), J.

4